UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE WATSON,<br>　　Plaintiff,<br>　　v.<br>MCKERSEY, *et al.*,<br>　　Defendants. | Case No. 17-cv-07212-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT AND DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 14, 15 |

Before the Court is plaintiff Jacqueline Watson's motion for an extension of time to file an amended complaint and motion to appoint counsel. Plaintiff filed the instant complaint on December 20, 2017. Dkt. No. 1. Ms. Watson also filed two applications to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 2, 5. Plaintiff alleges defendants violated her constitutional rights. Dkt. No. 1.

## I. Extension of Time

On February 1, 2018, the Court granted plaintiff's IFP application and dismissed plaintiff's complaint for failure to state a claim, with leave to amend. Dkt. No. 13. Plaintiff was instructed to file an amended complaint by February 19, 2018. *Id*.

On February 20, 2018, plaintiff filed a motion for an extension of time to file an amended complaint. Dkt. No. 14. As February 19 was a federal holiday, plaintiff's motion was timely filed on February 20. *See* Fed. R. Civ. P. 6(a)-6(b). The Court GRANTS plaintiff's motion for an extension of time. **Plaintiff must file her amended complaint no later than March 12, 2018.**

## II. Appointment of Counsel

A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789

F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). *Id.* Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Id.*

The Court will not consider plaintiff's request to appoint counsel until plaintiff has filed a complaint that meets the basic requirements set out in the Court's Order issued on February 1, 2018. Plaintiff must provide in her amended complaint (1) "information about why each defendant is being sued"; (2) "the claims that plaintiff is asserting"; (3) a statement of "the facts giving rise to the complaint"; and (4) a statement of "the relief that plaintiff seeks." Dkt. No. 13 at 3:5-10. Only then can the Court evaluate the plaintiff's likelihood of success on the merits and whether plaintiff has articulated her claims. Accordingly, plaintiff's motion to appoint counsel is DENIED without prejudice to refiling in the future.

## CONCLUSION

For the foregoing reasons, plaintiff's request to extend the deadline to file her amended complaint is GRANTED and the motion to appoint counsel is DENIED without prejudice. The court strongly encourages plaintiff to seek assistance, available for free, from the Legal Help Center by calling (415) 782-8982.

**Plaintiff must file her amended complaint that complies with this Order by March 12, 2018.**

**IT IS SO ORDERED**.

Dated: February 27, 2018

_____
SUSAN ILLSTON
United States District Judge